# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13-cv-344-FDW

| | |
|---|---|
| DWIGHT A. RUDISILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court on consideration of Petitioner's motion for habeas relief, filed pursuant to 28 U.S.C. § 2241, and for consideration of his alternative claim for relief through a petition for a writ of audita querela. For the reasons that follow, Petitioner's Section 2241 motion will be denied along with his alternative claim for relief.

## I. BACKGROUND

On August 2, 1998, Petitioner pleaded guilty to one count of carjacking, in violation of 18 U.S.C. § 2119. Under the terms of Petitioner's written plea agreement with the Government, Petitioner agreed to plead guilty to the § 2119 charge, and to serve a sentence of 25-years in exchange for the Government's agreement to dismiss charges of being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g); transporting stolen property in interstate commerce, in violation of 18 U.S.C. § 2312; and possessing and using a firearm during a crime of violence, in violation of 18 U.S.C. § 923(c)(1) (hereinafter the "dismissed charges"). On August 4, 1999, Petitioner was sentenced to 300-months' imprisonment as provided for in his plea agreement,

1

and the Government dismissed the remaining three counts. (Criminal Case No. 4:98-cr-212, Doc. No. 21: Judgment in a Criminal Case).[1]

Petitioner filed an appeal to the United States Court of Appeals for the Fourth Circuit. On appeal, Petitioner contended that his sentence was erroneously enhanced based on a finding that the crime involved "serious bodily injury " and this element was not charged in his indictment nor was it explained to Petitioner during his Rule 11 colloquy. The Fourth Circuit noted that in Jones v. United States, 526 U.S. 227 (1999), in a case filed after Petitioner pleaded guilty but before he was sentenced, the Supreme Court explained that the subsections of 18 U.S.C. § 2119 which establish enhanced penalties must be treated as elements of the offense. Accordingly, the Fourth Circuit concluded that because Petitioner's § 2119 conviction was enhanced based on the trial court's finding that "serious bodily injury" was involved, the sentence must be vacated because that element was neither charged in Petitioner's indictment or explained to him during his Rule 11 colloquy.  In an unpublished, per curiam opinion, the Fourth Circuit vacated Petitioner's sentence and remanded for resentencing. United States v. Rudisill, 215 F.3d 1323 (Table), 2000 U.S. App. LEXIS 10380 (4th Cir. 2000).

On remand, Petitioner's sentence was reduced to 180-months on the § 2119 conviction, but he was also charged in a superseding indictment with the three dismissed counts. The Government had previously agreed to dismiss those three counts under the express language in Petitioner's plea agreement which provided that he agreed to the 25-year sentence in exchange for the Government's agreement to dismiss the counts. Because Petitioner had appealed and

---

[1] Petitioner was sentenced by the Honorable Lacy H. Thornburg within the Western District in Shelby, North Carolina. Judge Thornburg has since retired and Shelby criminal cases have been moved to the Asheville Division within this district.

obtained relief from his agreed-upon sentence, the trial court found the Government was free to pursue the dismissed charges and therefore granted the Government's motion to set aside the plea agreement. Petitioner elected to plead not guilty to the three revived counts and was later found guilty of all charges by a jury on January 10, 2001. (Id., Doc. No. 55: Jury Verdict). On November 8, 2001, Petitioner was sentenced a total term of 285-months' imprisonment for conviction on Counts 1, 2, and 3, which were ordered to run consecutive to his 180-month sentence for the carjacking conviction resulting in a total term of 465-months'imprisonment. (Id., Doc. No. 63: Judgment in a Criminal Case). Petitioner did not appeal.

Instead, on or about July 15, 2009, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Court found that as Petitioner did not appeal his 2001 judgment, and he waited over seven and half years to pursue collateral relief from the judgment, that his § 2255 motion was untimely and it was dismissed with prejudice. (Civil Case No. 1:09-cv-262-LHT, Doc. No. 2). Petitioner's motions for reconsideration and for leave to amend were denied and his appeal was dismissed by the Fourth Circuit pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. Rudisill v. United States, No. 09-7511 (4th Cir. filed Sept. 8, 2009).

On October 25, 2010, Petitioner filed a second § 2255 motion. The Court noted the dismissal of his untimely, initial § 2255 motion -- which operated as an adjudication on the merits -- and the Court found that the second Section 2255 motion must be dismissed because there was no evidence that Petitioner had obtained authorization from the Fourth Circuit to file a second motion. See (Civil Case No. 1:10-cv-253-MR, Doc. No. 3: Order (citing 28 U.S.C. §

2255(h)). On November 2, 2010, the Court entered its Order dismissing the § 2255 motion as successive and Petitioner did not appeal.

On December 20, 2013, the Clerk docketed the present case. Petitioner argues that the Government breached the plea agreement when they moved to set it aside following remand from the Fourth Circuit in an effort to seek the superseding indictment. As noted, the Government moved to set aside the plea agreement contending that it had been deprived of the benefit of its bargain in agreeing to dismiss three counts in exchange for Petitioner's agreement to be sentenced to 25-years in prison. The Court found that Petitioner had frustrated the purpose of the plea agreement by first securing dismissal of three counts and then limiting his total sentence for conviction of the carjacking count. The Court reasoned that in appealing a sentence that he had expressly agreed to serve and securing remand for a lesser sentence, Petitioner would unfairly benefit if the Government could not enjoy the benefits under the written plea agreement. Accordingly, the Court allowed the Government's motion to set aside the plea agreement which freed the Government to present the dismissed counts to a new grand jury. (Criminal Case No. 4:98-cr-212, Doc. No. 34: Order, filed August 2, 2000).

Of course, the grand jury later indicted Petitioner on the three dismissed charges and he was convicted following a jury trial and he did not appeal. He has instead presented the present claim under the guise of a motion under 28 U.S.C. § 2241, or in the alternative, pursuant to a petition for a writ of audita querela. For the reasons that follow, the Court finds that Petitioner's present effort is in fact his third effort to set aside his criminal judgment under 28 U.S.C. § 2255. Because the Court finds that his present effort to attack the legality of his criminal judgment

4

must proceed by way of a § 2255 motion, this civil action will be dismissed as an unauthorized, successive petition pursuant to 28 U.S.C. § 2255(h).

## II. DISCUSSION

A. <u>Section 2241</u>

A petitioner seeking to attack his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." <u>In re Jones</u>, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

<u>In re Jones</u>, at 333-34.

First, Petitioner's argument in protest of the Government's successful effort to set aside the plea agreement has already been rejected by the district court in its August 2000 Order which found that Petitioner, by filing a direct appeal from his sentence, would gain an unfair advantage over the Government because he had agreed to the very sentence that he would later appeal. Because Petitioner received the benefit of the dismissed counts and then appealed his sentence, the district court found that Petitioner would frustrate the terms of the plea agreement if the Government could not receive the certainty of the 25-year sentence in exchange for the

5

dismissed counts. Second, Petitioner did not take this issue up on appeal following his conviction on the three counts in his trial on the superseding indictment and his effort to do so in this third collateral proceeding must fail because it is an expressly unauthorized attack on his judgment under the provisions of § 2255(h).

B.  Writ of Audita Querela

Finally, the Court finds that the writ of *audita querela* is unavailable to a petitioner that may otherwise challenge his conviction or sentence by way of a Section 2255 motion. "A writ of *audita querela* is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, 487 F. App'x 109 (4th Cir. 2012) (unpublished) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002)), and United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (noting that relief under this writ is unavailable to a petitioner who could raise his claim pursuant to Section 2255)). See In re Moore, supra ("The fact that Moore cannot proceed under § 2255 unless he obtains authorization from this court to file a successive motion does not alter this conclusion) (citing United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001)). For the reasons stated, the petition for a writ of *audita querela* will be denied.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Section 2241 motion is **DENIED**.

2. Petitioner's petition for a writ of *audita querela* is **DENIED**.

3. Petitioner's motion to compel specific performance is **DENIED**. (Doc. No. 3).

4. Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this case.

Signed: January 8, 2014

Frank D. Whitney
Chief United States District Judge